IN THE CIRCUIT COURT OF THE 4th JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:

General Jurisdiction Division

**DELEON LOFTON,**

    Plaintiff,

v.

**TOPGOLF USA JACKSONVILLE, LLC, d/b/a TOPGOLF**, a foreign limited liability company, and **JONATHON GREGORY**, a Florida citizen,

    Defendants.

_____/

### *COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL*

Plaintiff, **DELEON LOFTON**, by and through undersigned counsel, sues Defendants, **TOPGOLF USA JACKSONVILLE, LLC, d/b/a TOPGOLF**, a foreign limited liability company, and **JONATHON GREGORY**, a Florida citizen and alleges as follows:

### *JURISDICTION AND PARTIES*

1. This is an action for damages in excess of thirty thousand dollars ($30,000) and in excess of the minimum jurisdictional limits of the Court, exclusive of interest and costs.



Main Office and Mailing Address: 1401 Brickell Avenue ◆ Suite 900 ◆ Miami, Florida 33131 ◆ P 305.347.3151 ◆ F 305.675.0123
121 South Orange Avenue ◆ Suite 1270 ◆ Orlando, Florida 32801 ◆ P 407.384.8004

2. At all times material, Plaintiff, DELEON LOFTON (hereinafter "LOFTON"), was and is a resident of Rankin County, Mississippi and is otherwise *sui juris*.

3. At all times material hereto, Defendant TOPGOLF USA JACKSONVILLE, LLC, d/b/a TOPGOLF (hereinafter "TOPGOLF") is and was a Texas foreign limited liability company, authorized to do business and conducting business in Duval County, Florida.

4. At all times material, Defendant TOPGOLF owned, operated, maintained and/or controlled the TOPGOLF complex that was located at 10531 Brightman Boulevard, Jacksonville, Florida 32246.

5. At all times material, Defendant TOPGOLF owed a duty of care to the public and, more specifically, to the Plaintiff, to warn the public, including the Plaintiff, of dangerous conditions of which the Defendant knew or in the exercise of reasonable care should have known existed on its premises.

6. At all times material hereto, Defendant JONATHON GREGORY (hereinafter "GREGORY") is and was a resident of Duval County, Florida and otherwise *sui juris*.

7. At all times material hereto, Defendant GREGORY was employed by Defendant TOPGOLF as the Operations Manager of the TOPGOLF complex that was located at 10531 Brightman Boulevard, Jacksonville, Florida 32246.

8. On or about August 28, 2020, Defendant GREGORY oversaw and was personally responsible for ensuring that the subject premises was appropriately managed, inspected, maintained, repaired and if a dangerous condition existed on its premises, that actions be taken immediately to remedy such conditions and/or warn



invitees.

9. At all times material, Defendant GREGORY owed a duty of care to the public and, more specifically, to the Plaintiff, to warn the public, including the Plaintiff, of dangerous conditions of which the Defendant knew or in the exercise of reasonable care should have known existed.

10. Defendant GREGORY was responsible for ensuring safety compliance and guaranteeing that TOPGOLF employees adhered to safe practices and followed policies and procedures for the safety of invitees, like the Plaintiff.

### FACTS COMMON TO ALL CLAIMS

11. On or about August 28, 2020, at approximately 12:00 p.m., Plaintiff LOFTON, was an invitee of the TOPGOLF complex that was located at 10531 Brightman Boulevard, Jacksonville, Florida 32246.

12. On said date, Defendants TOPGOLF and GREGORY failed to properly maintain the complex's golfing bays and allowed glass and other debris to be left unattended on the floor, which caused Plaintiff LOFTON to slip and fall, suffering damages as herein alleged.

13. On said date, Defendant TOPGOLF failed to ensure that overhead lightbulbs in the golfing bays were maintained at a safe and adequate height and distance from patrons who were known to swing golf clubs in the light's vicinity.

14. This dangerous condition (lighting location and discarded glass) was present for a period of time that employees of the Defendant TOPGOLF, its employees on



duty, and the manager on duty of the TOPGOLF complex (Defendant GREGORY), knew or should have known of this dangerous condition and cleaned it up prior to Plaintiff LOFTON'S fall, and prevented from even occurring.

15. The dangerous and hazardous condition existed in an area of TOPGOLF that was directly located where invitees would be positioned. Defendants knew that this was an area that would have been traversed by customers and an area where

16. Defendants failed to reasonably inspect, maintain, and clean the subject bay, thus causing the incident detailed herein. Defendants further allowed the lightbulbs to be positioned in a manner where their breaking was foreseeable.

17. As a direct and proximate result of Defendants TOPGOLF and GREGORY'S collective negligence, including but not limited to failing to properly maintain the subject premises, Plaintiff was injured in and about his body and extremities and has suffered permanent physical injuries and disabilities, including medical expenses and lost wages, as set forth in further detail below.

## COUNT I

## NEGLIGENCE OF TOPGOLF

Plaintiff realleges and readopts paragraphs 1 through 17 as if set forth herein and further states:

18. On or about August 28, 2020, Defendant TOPGOLF owned, operated, maintained, controlled and/or possessed the TOPGOLF complex that was located at 10531 Brightman Boulevard, Jacksonville, Florida 32246.



19. Defendant TOPGOLF possessed a duty to use reasonable care in maintaining the subject premises, including but not limited to ensuring that the floor was clear of debris and/or dangerous conditions and that patrons would not encounter dangerous fixtures that could break and cause debris to be scattered on the ingress and egress of the premises.

20. On or about August 28, 2020, Defendant TOPGOLF owed this duty of care to the public and, more specifically, to the Plaintiff, and to warn the public, including the Plaintiff, of such conditions of which the Defendant knew or in the exercise of reasonable care should have known.

21. On or about August 28, 2020, Defendant TOPGOLF acted by and through its employees, officers and/or agents, who themselves at all times material acted within the course and scope of their employment or agency with Defendant.

22. On or about August 28, 2020, Defendant, TOPGOLF breached its duty to the Plaintiff in all or more of the following ways:

   (a) negligently failed to maintain their premises in a safe condition;

   (b) negligently failed to provide safe and clean ingress and egress throughout the premises;

   (c) negligently failed to keep the golf bays free from debris;

   (d) negligently failed to keep the subject premises clean and without dangerous conditions;

   (e) negligently failed to pick to pick up debris on its premises;

   (f) negligently failed to inspect the complex at reasonable intervals to identify foreign debris and items that should not be on a walkway or walking surface;



(g) negligently failed to do a thorough cleaning of TopGolf bays;

(h) negligently failed to properly and adequately warn the public, including the Plaintiff, of the dangerous condition that existed on its premises; and

(i) negligently failed to ensure lightbulbs in the golfing bays were maintained at a safe and adequate height and distance from patrons.

23. The dangerous conditions set forth above was known to the Defendant and had existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have known of its existence.

24. As a direct and proximate result of the negligence of Defendant TOPGOLF, Plaintiff LOFTON was injured in and about his body and extremities, suffered pain therefrom, suffered physical impairment and/or disability, mental anguish, the loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions, inconvenience, permanent scarring and disfigurement, lost wages in the past and earning capacity in the future, and incurred necessary medical expenses for the treatment of his injuries. These injuries are permanent and continuing in nature. Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff DELEON LOFTON demands judgment for damages against Defendant TOPGOLF, in excess of the minimal jurisdictional limits of this Court, exclusive of costs and interest, and demands trial by jury of all issues.



## COUNT II

### NEGLIGENCE OF GREGORY

Plaintiff realleges and readopts paragraphs 1 through 17 as if set forth herein and further states:

25.  At all times material hereto, Defendant GREGORY was employed by Defendant TOPGOLF as the Operations Manager of the TOPGOLF complex that was located at 10531 Brightman Boulevard, Jacksonville, Florida 32246.

26.  On or about August 28, 2020, Defendant GREGORY oversaw and was personally responsible for ensuring that the subject premises was appropriately managed, inspected, maintained, repaired and if a dangerous condition existed on its premises, that actions be taken immediately to remedy such conditions and/or warn invitees.

27.  At all times material, Defendant GREGORY owed a duty of care to the public and, more specifically, to the Plaintiff, to warn the public, including the Plaintiff, of dangerous conditions of which the Defendant knew or in the exercise of reasonable care should have known existed.

28.  Defendant GREGORY was responsible for ensuring safety compliance and guaranteeing that TOPGOLF employees adhered to safe practice and followed policies and procedures for the safety of invitees, like the Plaintiff.

29.  On or about August 28, 2020, Defendant GREGORY was the manager and



managed the subject premises at all times material and personally participated and personally failed to rectify the dangerous conditions that caused the Plaintiff LOFTON'S injuries, and further breached his duty to the Plaintiff in all or more of the following ways:

    (a) negligently failed to maintain the premises in a safe condition;

    (b) negligently failed to provide safe and clean ingress and egress throughout the premises;

    (c) negligently failed to keep the TopGolf bays free from debris;

    (d) negligently failed to keep the subject premises clean and without dangerous conditions;

    (e) negligently failed to pick up debris off the floor of the bays;

    (f) negligently failed to inspect the complex at reasonable intervals to identify foreign debris and items that should not be on a walkway or walking surface;

    (g) negligently failed to keep the complex in a reasonably safe condition for invitees to walk on;

    (h) negligently failed to oversee and ensure that employees conduct a thorough cleaning of TopGolf bays;

    (i) negligently failed to properly and adequately warn the public, including the Plaintiff, of the dangerous condition that existed on its premises; and

    (j) negligently failed to allow the lightbulbs to be positioned at their location.

30.    As a direct and proximate result of the negligence of Defendant GREGORY, Plaintiff LOFTON was injured in and about his body and extremities, suffered pain therefrom, suffered physical impairment and/or disability, mental anguish, the loss



*Deleon Lofton v. TopGolf USA Jacksonville, LLC, et al*
**COMPLAINT FOR DAMAGES**
Page 9

of capacity for the enjoyment of life, the aggravation of pre-existing conditions, inconvenience, permanent scarring and disfigurement, lost wages in the past and earning capacity in the future, and incurred necessary medical expenses for the treatment of his injuries. These injuries are permanent and continuing in nature. Plaintiff will suffer these losses and impairments in the future

WHEREFORE, Plaintiff DELEON LOFTON demands judgment for damages against Defendant GREGORY, in excess of the minimal jurisdictional limits of this Court, exclusive of costs and interest, and demands trial by jury of all issues.

DATED this 28th of May, 2021.

           **LEIGHTON LAW, P.A.**
           *Attorneys for Plaintiff DELEON LOFTON*
           1401 Brickell Avenue
           Suite 900
           Miami, FL 33131
           Phone:     (305) 347-3151
           Fax:       (305) 675-0123
           Primary email:   John@Leightonlaw.com
           Primary email:   Max@Leightonlaw.com
           Secondary email:  Carmen@Leightonlaw.com
           Secondary email:  Leomarys@Leightonlaw.com

           By: _/s/ Max N. Panoff_____
           JOHN ELLIOTT LEIGHTON
           Florida Bar No. 507921
           MAX N. PANOFF
           Florida Bar No. 84548

